## LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604

### SUMMONS
### CIVIL ACTION

FILING TYPE:   OTHER CIVIL

TG TOLEDO LLC
C/O DAN M WEISS STATUTORY AGENT
105 LOUISIANA AVENUE
PERRYSBURG, OH 43551

G-4801-CI-0202201791-000
JUDGE: LINDSAY D NAVARRE

You have the right to seek legal counsel. If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio. If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below. A copy of the Complaint is attached to this Summons.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service or to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer. Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

| PLAINTIFF(S) | ATTORNEY FOR PLAINTIFF(S) |
|---|---|
| OHIO CIVIL RIGHTS COMMISSION<br>30 EAST BROAD ST 5TH FLOOR<br>COLUMBUS, OH 43215 | SHARON D TASSIE<br>615 WEST SUPERIOR AVENUE<br>CLEVELAND, OH 44113-1899 |

BERNIE QUILTER
CLERK OF COURTS

Date: March 18, 2022

_____, Clerk



# IF YOU DO NOT HIRE AN ATTORNEY
## PLEASE READ & RESPOND
(mark one & respond)

☐ I request to be notified by <u>email</u>

My email address _____

**OR**

☐ I request to be notified by <u>regular mail</u>
*(Clerk will forward to Court for approval)*

My mailing address _____
_____
_____

**Send email to**: Lwatt@co.lucas.oh.us
**Subject**: G-4801-CI-0202201791-000
TG TOLEDO LLC
**Message**: Your email address

**Return this Form with your address to**:
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

### If you do NOT hire an attorney & fail to respond you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

G-4801-CI-0202201791-000    TG TOLEDO LLC   Generated: March 18, 2022

EFILED LUCAS COUNTY
03/17/2022 03:21 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLE
efile id 92464

# IN THE COURT OF COMMON PLEAS OF
## LUCAS COUNTY, OHIO

**OHIO CIVIL RIGHTS COMMISSION**
30 East Broad St., 5th Floor
Columbus, Ohio 43215

    Plaintiff,

-vs-

**TG TOLEDO, LLC**
c/o Dan M. Weiss, Statutory Agent
105 Louisiana Avenue
Perrysburg, OH 43551

**TG TOLEDO LLC A Michigan Limited Liability Company**
31151 West Ten Mile Road
Farmington Hills, MI 48336

**THE TOBIN GROUP, LLC**
c/o Dan M. Weiss, Statutory Agent
105 Louisiana Avenue
Perrysburg, OH 43551

**GROUP FIVE MANAGEMENT COMPANY**
c/o Bruce H. Tobin, Vice President
31500 West Ten Mile Road
Farmington Hills, MI 48336

    Defendants.

Case No

Judge:

**G-4801-CI-0202201791-000**
**Judge**
**LINDSAY D. NAVARRE**

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON AND PRAECIPE**

OHIO ATTORNEY GENERAL
DAVE YOST 0056290

ADRIAN C. FEIERTAG (0092713)
Associate Assistant Attorney General
Civil Rights Section
640 Jackson Street, 13th Floor
Toledo, OH 43604
(PH): (614) 264-1252
(FX): (866) 578-0009
*Adrian.Feiertag@OhioAGO.gov*

SHARON D. TASSIE (0029896)
Assistant Section Chief
Civil Rights Section
30 E. Broad Street, 15th Floor
Columbus, OH 43215
(PH): (614) 466-7900
(FX): (855) 542-2141
*Sharon.Tassie@OhioAGO.gov*

Now comes Plaintiff, Ohio Civil Rights Commission ("Plaintiff" or "Commission"), by and through its counsel, the Attorney General of Ohio, and alleges the following against Defendants TG Toledo, LLC; TG Toledo LLC a Michigan Limited Liability Company; The Tobin Group, LLC; and Group Five Management Company ("Defendants").

## THE PARTIES

1. Plaintiff is an agency and instrumentality of the State of Ohio, created by R.C. 4112.03, and brings this action pursuant to R.C. 4112.055(A)(2)(b).

2. Plaintiff is mandated by R.C. 4112.05 to prevent any person from engaging in unlawful discriminatory practices and, in particular, to enforce R.C. 4112.02(H), which declares various practices related to housing to be unlawful discriminatory practices.

3. Defendants have owned and/or managed an apartment complex located at 2015 North McCord Road in Toledo, Ohio.

4. The property is open for rental to members of the general public.

5. Defendants are "persons" as defined by R.C. 4112.01(A)(1).

6. Defendants are providers of "housing accommodations" as defined by R.C. 4112.01(A)(10).

## PERSONS AGGRIEVED

8. Complainant, Lorene Biglow, is a person with a disability as defined by R.C. 4112.01(A)(13).

9. Biglow is an aggrieved person as defined by R.C. 4112.01(A)(23)(a).

## PRELIMINARY ISSUES

10. Complainant filed a charge with the Ohio Civil Rights Commission on October 2, 2018, alleging that Defendants discriminated against Biglow on the basis of disability and that Defendants engaged in unlawful conduct under R.C. 4112.02(H)(12).

11. The Plaintiff conducted preliminary investigations of the charges pursuant to and in accordance with R.C. 4112.05(B)(2).

12. In a letter dated July 18, 2019, Defendants were notified that, as a result of the preliminary investigation, Plaintiff determined that it was probable that unlawful discriminatory practices had been or were being engaged in by Defendants on the basis of disability in violation of R.C. 4112.02(H).

13. Enclosed with the July 18, 2019 letter, Plaintiff sent Defendants a proposed Conciliation Agreement and Consent Order and invited Defendants to conciliate Complainant's charges.

14. None of the Defendants signed the proposed Conciliation Agreement and Consent Order.

15. None of the Defendants submitted a counterproposal acceptable to the Commission which would eliminate the alleged unlawful discriminatory practices.

16. After issuing its probable cause finding, the Commission's efforts to eliminate the alleged unlawful discriminatory practice by informal conciliation failed.

17. On September 26, 2019, Plaintiff issued its Administrative Complaint, Notice of Election and Notice of Hearing No. 19-HOU-TOL-39482 against Defendants pursuant to R.C. 4112.05(B)(5) and Ohio Adm. R. 4112-3-05(A).

18. Defendants elected to proceed in the common pleas court pursuant to R.C. 4112.051(A)(2) (*effective* 4/15/2021, R.C. 4112.055(A)(2)).

19. On February 24, 2022, Plaintiff authorized the Attorney General's Office to commence proceedings pursuant to R.C. 4112.055(A)(2)(b) in the Common Pleas Court of Lucas County.

### APPLICABLE LAW

20. R.C. 4112.02(H)(12) makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person's having exercised or enjoyed, any right granted or protected by R.C. 4112.02(H).

21. R.C. 4112.02(H)(19) makes it unlawful to refuse to make reasonable accommodations in rules, policies, practices, or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling unit, including associated public and common use areas.

22. Ohio Adm.Code 4112-5-07(c) declares that every disabled person who has an animal assistant be entitled to keep the animal assistant on the premises purchased, leased, rented, assigned or subleased by such disabled person.

### COUNT ONE – FAILURE TO PERMIT A REASONABLE ACCOMMODATION FOR A DISABLED PERSON UNDER R.C. 4112.02(H)(19)

23. Plaintiff incorporates paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24. Biglow rented property located at 2015 North McCord Road in Toledo, Lucas County, Ohio starting on July 18, 2017 and ending on July 31, 2019.

4

25. Upon entering into the original lease, Biglow requested the reasonable accommodation of an emotional support animal ("ESA") for her disability, which was granted by Defendants.

26. On June 20, 2018, Biglow renewed her lease with Defendants.

27. After renewing her lease, Biglow notified Defendants that she had a second animal, and she requested that the second animal be allowed as an additional reasonable accommodation for her disability.

28. Biglow possessed three doctor notes which included prescriptions for: the first ESA; the second ESA; and for both ESA's simultaneously.

29. However, Defendants rejected Biglow's request for a second ESA on the basis that Defendants' applicable policies only allowed one ESA at a time, regardless of whether a tenant medically required more than one.

30. Defendants charged Biglow a pet deposit for the second ESA as well as monthly pet fees.

31. Respondents never made any request for information supporting Biglow's need for an additional ESA.

32. Based upon information and belief, Defendants' policy to only allow one ESA at a time was used against other tenants, both former and current.

33. By failing to grant the reasonable accommodation which would have permitted Biglow equal opportunity to use and enjoy a dwelling unit, Defendants discriminated against Biglow because of her disability in violation of R.C. 4112.02(H)(19) and Ohio Adm.Code 4112-5-07(C).

## COUNT TWO – UNLAWFUL CONDUCT PURSUANT TO R.C. 4112.02(H)(12)

34. Plaintiff incorporates paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35. The form Defendants use for verification of a tenant's disability contains a notice that a tenant may be called to testify to defend her disability.

36. Additionally, the form Defendants require tenants to complete for requesting a reasonable accommodation requires a sworn statement, under penalty of perjury, from a medical provider.

37. The language of the accommodation request form amounts to intimidation, or coercion and would otherwise chill a tenant's desire to seek an accommodation in violation of R.C. 4112.02(H)(12).

## PRAYER FOR RELIEF

A. That this Court determine Defendants have violated R.C. 4112.02(H)(19), (12) and Ohio Adm.Code 4112-5-07(C);

B. That this Court order Defendants to cease and desist from all unlawful discriminatory practices;

C. That this Court order training in the Ohio Laws Against Discrimination in housing for all members of Defendants' management and staff;

D. That this Court order Defendants to pay Biglow's damages based on the injuries and economic loss suffered as a result of Defendants' violations of R.C. Chapter 4112;

F. That this Court order Defendants to pay punitive damages pursuant to R.C. 4112.055(D);

6

G. That this Court order Defendants to pay attorney fees and costs incurred in the prosecution of this action; and

H. That this Court order all other relief deemed just and equitable by the Court including any and all relief it deems appropriate to effectuate the purposes of R.C. Chapter 4112.

Respectfully submitted,

DAVE YOST (0056290)
OHIO ATTORNEY GENERAL

_s: Adrian Feiertag_
Adrian C. Feiertag (0092713)
Associate Assistant Attorney General

_s: Sharon D. Tassie_
Sharon D. Tassie (0029896)
Assistant Section Chief

*Counsel for Plaintiff Ohio Civil Rights Commission*

**PRAECIPE:**

**SERVICE BY CERTIFIED MAIL IS REQUESTED**

7